UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TIESHA JACKSON                                   CIVIL ACTION

VERSUS                                              NO. 23-6693

RAINBOW USA INC, ET AL.                    SECTION "R" (4)

## ORDER AND REASONS

Before the Court is plaintiff's motion to remand.[1] Defendants oppose the motion.[2] For the following reasons, the Court denies the motion.

## I.    BACKGROUND

Plaintiff Tiesha Jackson filed this action in Louisiana state court on October 10, 2023, against defendants Rainbow USA Inc. ("Rainbow") and Starr Indemnity & Liability Company ("Starr").[3] Jackson alleges that she was shopping inside of a store owned and operated by Rainbow in New Orleans, Louisiana, when she stepped on a security tag, which pierced through her shoe and lodged in her foot.[4] Jackson sued Rainbow and its liability insurer, Starr, jointly and *in solido*, seeking damages for past and future pain and

---

[1]    R. Doc. 7.
[2]    R. Doc. 8.
[3]    R. Doc. 1-2.
[4]    *Id.* ¶¶ 4-5.

suffering, past and future mental anguish and suffering, past and future medicals, permanent injuries and disabilities, past and future lost wages, and any and all other damages.[5]

Before filing suit, Jackson sent a settlement demand letter on August 21, 2023, seeking the limits of Rainbow's liability insurance policy with Starr.[6]   According to defendants, the policy limit is in excess of $75,000.[7] The letter also documented several expenses incurred by Jackson as of the date of the letter, including several urgent care visits and an MRI, which allegedly brought Jackson's total medical expenses to $16,799.32.[8]   The August letter was addressed to an adjustor with Gallagher Basset,[9] which defendants contend is a thirty-party adjusting company for Starr.[10]

Jackson sent additional correspondence to the adjustor on September 13, 2023, and October 4, 2023, reiterating her demand for the policy limits.[11] In the October letter, Jackson also indicated that the parties must respond within five days, or by October 9, 2023, to avoid any further litigation.[12]

---

[5]     *Id.* ¶¶ 1-2, 17.
[6]     R. Doc. 8-2.
[7]     R. Doc. 1 ¶ XVI.
[8]     R. Doc. 8-2 at 2.
[9]     *Id.* at 1.
[10]    R. Doc. 8 at 1.
[11]    R. Docs. 8-3 & 8-4.
[12]    R. Doc. 8-4.

According to defendants, Jackson brought this action on October 10, 2023, after a settlement was not reached within the time provided in her letter.[13]

Defendants contend that it was not until October 17, 2023, seven days after Jackson filed suit, that they first received a copy of the August and October pre-suit demand letters by email.[14]  Defendants additionally received a new demand letter dated October 17, 2023, in which Jackson acknowledged a previous settlement offer made by the adjustor for $12,000, which Jackson rejected.[15]  The October letter also reiterated Jackson's total medical expenses in the amount of $16,700.32, and her demand for the policy limits.[16]

Defendants removed the action on November 3, 2023, on the basis of diversity jurisdiction.[17]  Defendants contend that they timely filed their notice of removal within thirty days of their receipt of the settlement demand letters on October 17, 2023, which were "other paper" under 28 U.S.C. § 1446(b)(3), rendering the action removable.[18]

---

[13]    R. Doc. 8 at 2.
[14]    R. Doc. 1; R. Doc. 8-5.
[15]    R. Doc. 8-6.
[16]    *Id.*
[17]    R. Doc. 1.
[18]    *Id.*

3

Jackson now moves to remand the action.[19]  She contends that the August 21 letter seeking the policy limits triggered the thirty-day removal clock and, thus, defendants had to remove the action before September 20, 2023.[20]  In opposition, defendants maintain that because the lawsuit was first filed on October 10, 2023, they could not have removed the action before that date.[21]

The Court considers the parties' arguments below.

## II.   LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants.  *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the

---

[19]    R. Doc. 7.
[20]    R. Doc. 7-1.
[21]    R. Doc. 8.

recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts."). Though the Court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

To timely remove a case, a defendant must file a notice of removal within thirty days of its receipt, through service or otherwise, of the initial pleadings. 28 U.S.C. § 1446(b). If the case is not initially removable from the pleading, the defendant may file a notice of removal within thirty days of its receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Put another way, a defendant may remove to federal court thirty days after the "receipt" of "other paper" that indicates, for the first time, that the matter is removable. *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir.

1992) ("[I]f the case stated in the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable.").

## III.   DISCUSSION

Jackson argues that her demand letter dated August 21, 2023, given to the adjustor months before suit, makes removal untimely.[22]  This argument is without merit.  As outlined above, when an initial pleading does not establish federal jurisdiction, the thirty-day removal limit is triggered only after defendants receive "other paper."  28 U.S.C. § 1446(b)(3).  This "other paper" must be received *after* the petition is filed.  This is because § 1446 generally prevents prelitigation documents given to a defendant from qualifying as "other papers" sufficient to trigger removal.  *See Chapman*, 969 F.2d at 164 ("The plain language of the second paragraph of § 1446(b) requires that if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading.").  In other words, Jackson's pre-suit demand letters, and other documents received by defendants before the petition, cannot trigger the

---

[22]   R. Doc. 7-1.

6

thirty-day removal clock under § 1446(b)(3). *See id.* Indeed, "[i]t is axiomatic that a case cannot be removed before its inception." *Carvalho v. Equifax Info. Servs.*, 629 F.3d 876, 885 (9th Cir. 2010); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."). The Court therefore declines to read the statute as triggering the thirty-day removal clock before the suit's inception. *See Dewsnup v. Timm*, 502 U.S. 410, 427 (1992) (stating courts should generally avoid construing statutes "in a way that produces . . . absurd results" or legal impossibilities).

Here, it is undisputed that Jackson brought this action in state court on October 10, 2023.[23] The state court petition did not seek a specific amount of damages and was not removable on its face. *See Chapman*, 969 F.2d at 163 (setting "bright line rule" that an initial pleading triggers the thirty-day removal clock only if it "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court"). Defendants received "other paper" on October 17, 2023, and had thirty days, or until November 16, 2023, to remove the

---

[23]     R. Doc. 1-2.

action.[24]  *See* 28 U.S.C. § 1446(b)(3).  Because defendants removed this action on November 3, 2023, removal was timely, and this action must not be remanded.

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, this __3rd__ day of January, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[24]     R. Doc. 8-5.

8